# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KARIM O. GIST, )<br>)<br>  Plaintiff, )<br>)<br>vs. )<br>)<br>FEDERAL BUREAU OF PRISONS, et )<br>  al., )<br>)<br>  Defendants. ) | 2:11-cv-275-WTL-WGH |

**Entry Dismissing Certain Claims and Directing Further Proceedings**

**I.**

Plaintiff Karim O. Gist filed this civil action against the Federal Bureau of Prisons (BOP) and employees working at the United States Penitentiary in Terre Haute, Indiana. Gist's three claims, each of which is brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), are these:

Claim 1: Defendants Officer Wheeler, Officer Swan and Captain Joyner failed to protect Gist from attack by another inmate during recreation.

Claim 2: Defendant Andrew Rupska refused to provide proper medical treatment for Gist's arm and failed to provide Gist with proper medical treatment after being assaulted. As a result, Gist's arm is permanently damaged.

Claim 3: The defendants' "defacto policy" of failing to investigate inmate on inmate assaults constitutes deliberate indifference.

The plaintiff seeks a declaratory judgment, injunctive relief and money damages.

**II.**

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and quoting Fed. R. Civ. P. 8(a)(2)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

Applying the standard set forth above, certain claims must be dismissed:

1. The United States, and its agencies, including the BOP, are not proper defendants in a *Bivens* action, *King v. Federal Bureau of Prisons*, 415 F.3d 634, 636 (7th Cir. 2005), and therefore any **claims brought against the BOP are dismissed.** A[T]he point of *Bivens* was to establish an action against the employee to avoid the sovereign immunity that would block an action against the United States.@ *Sterling v. United States* , 85 F.3d 1225, 1228-29 (7th Cir. 1996); *see F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994); *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).

2. All **claims for injunctive relief are dismissed.** The reason for this ruling is that Gist=s request for injunctive relief has been rendered moot because he is no longer incarcerated at the Terre Haute facility. *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) (AIn an action seeking only injunctive relief . . . once the threat of the act sought to be enjoined dissipates, the suit must be dismissed as moot. If, however, a plaintiff also seeks monetary damages, his case is not moot even if the underlying misconduct that caused the injury has ceased.@) (citations omitted); *see also Arreola v. Godinez*, 546 F.3d 788, 799 (7th Cir. 2008).

3. **Claims brought pursuant to the Equal Protection Clause of the Fourteenth Amendment are dismissed** because Gist has not alleged mistreatment based on membership in a particular class. "A person bringing an action under the Equal Protection Clause must show intentional

discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Herro v. City of Milwaukee,* 44 F.3d 550, 552 (7th Cir. 1995) (internal quotation omitted). Simply receiving different or unfair treatment is not enough to raise an equal protection violation. *Huebschen v. Department of Health & Soc. Servs.*, 716 F.2d 1167, 1171 (7th Cir. 1983). In any event, the plaintiff=s claims are sufficiently based on the protections afforded by the Eighth Amendment to the Constitution.

4. **Claims against Associate Warden Harvey Church and Warden Charles Lockett are dismissed for failure to state a claim upon which relief may be granted.** Gist=s allegations do not suggest a plausible basis for concluding that these supervisory defendants caused or participated in the alleged constitutional deprivation. *See Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983). The theory of *respondeat superior* cannot be the basis of a *Bivens* claim, there must be individual participation and involvement by the defendant. *Del Raine v. Williford,* 32 F.3d 1024, 1047 (7th Cir. 1994); see also *Antonelli v. Sheahan,* 81 F.3d 1422, 1428 (7th Cir. 1996) ("a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing.") (internal quotations omitted).

5. **Claim 3 of Gist's complaint alleging that there is a *de facto* policy of failing to investigate inmate on inmate assaults is dismissed.** The allegations related to this claim are insufficient to raise a right to relief above the speculative level. For example, the allegations related to this claim involve other inmates and circumstances in which Gist was not involved. Further, there is no allegation that Gist was harmed by this alleged policy.

### III.

Gist alleges that defendant Andrew Rupsak refused to provide proper medical care to Gist in violation of Gist's Eighth Amendment rights. As a preliminary matter, Andrew Rupsak was not named as a defendant in the caption of the complaint, although he was included in a list of defendants in the body of the complaint. *Myles v. United States,* 416 F.3d 551, 551-52 (7th Cir. 2005) (Ato make someone a party the plaintiff must specify him in the caption and arrange for service of process.@)(citing Fed.R.Civ.P. 10(a) (AIn the complaint the title of the action shall include the names of all the parties@)). It is for this reason that he is not listed as a defendant on the docket.

Next, the medical care claims against Rupsak appear to be improperly joined in this action with the failure to protect claims alleged against Officer Wheeler, Officer Swan and Captain Joyner. Rule 18(a) of the *Federal Rules of Civil Procedure*

provides that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits. . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Joinder of the defendants into one action is proper only "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). When claims are improperly joined, "[t]he court may . . . sever any claim against a party." FED. R. CIV. P. 21. **Gist shall have through February 28, 2012, to clarify whether Andrew Rupsak is intended as a defendant, and if so, to show cause why the claims against Andrew Rupsak should not be severed from this action and pursued in a new case.**

IV.

The **claim that Officer Wheeler, Officer Swan and Captain Hector Joyner failed to protect Gist from attack by another inmate during recreation (claim 1) shall proceed as submitted.**

The **clerk is designated**, pursuant to *Fed. R. Civ. P.* 4(c)(2), to issue process to defendants Officer Wheeler, Officer Swan and Captain Joyner. Process shall consist of a summons. Because plaintiff Gist is proceeding under the theory recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), **personal service is required**. *Robinson v. Turner,* 15 F.3d 82 (7th Cir. 1994). The Marshal for this District or his Deputy shall serve the summons, together with a copy of the complaint, filed on October 12, 2011, and a copy of this Entry, on the defendants and on the officials designated pursuant to *Fed. R. Civ. P.* 4(i)(2), at the expense of the United States.

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date: 01/27/2012

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Karim O. Gist
16083-056
Terre Haute Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204