UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| KARIM O. GIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:11-cv-275-WTL-WGH |
| | ) | |
| HECTOR J. JOYNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motion for Summary Judgment
and Directing Entry of Final Judgment**

Karim O. Gist ("Gist") alleges that defendants Captain Hector J. Joyner, Officer Wheeler, and Officer Swan failed to protect Gist from an attack by another inmate during recreation at the Federal Correctional Complex in Terre Haute, Indiana ("FCC-TH") on May 16, 2011. Gist's claim is brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

The defendants have filed a motion for summary judgment seeking resolution of the claim against them based on their affirmative defense that Gist failed to exhaust his available administrative remedies prior to filing this action. Gist has not responded to the motion for summary judgment.

For the reasons explained in this Entry, the motion for summary judgment [16] is **granted.** Claims against other defendants were resolved in the Entry of January 30, 2012.

## I. Legal Standards

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007). The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

As noted, Gist has not opposed the motion for summary judgment. The consequence of his failure to do so is that he has conceded the defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. ' 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

## II. Discussion

### A. Undisputed Facts

1. The Administrative Remedy Program

The Bureau of Prisons ("BOP") has promulgated an Administrative Remedy Program ("ARP") codified in 28 C.F.R. §§ 542.10, *et seq.*, and BOP Program Statement 1330.16 ("PS 1330.16"). The ARP is a process by which an inmate may seek formal review of a complaint related to any aspect of his imprisonment. An inmate exhausts his remedies under the ARP by filing an informal remedy request,

a formal administrative remedy request, and two appeals. An inmate must initiate the ARP by filing an informal remedy request (Form BP-8) through an appropriate institution staff member. 28 C.F.R. § 542.13(a); PS 1330.16, ¶ 7(a). If the inmate is dissatisfied with the staff's response, he must next submit a formal administrative remedy request (Form BP-9) to the institution's Warden within twenty calendar days following the date on which the basis for the request occurred. 28 C.F.R. § 542.14(a); *see also* PS 1330.16, ¶ 8(a).

If the inmate is dissatisfied with the Warden's response to the administrative remedy request, he must next submit an appeal (Form BP-10) to the appropriate BOP Regional Director within twenty calendar days after the Warden signs his response to the BP-9. 28 C.F.R. § 542.15(a); PS 1330.16, ¶ 9(a). If the inmate is dissatisfied with the Regional Director's response, he must next submit an appeal (Form BP-11) to the BOP's General Counsel within thirty days after the Regional Director signs his response to the BP-10. 28 C.F.R. § 542.15(a); PS 1330.16, ¶ 9(a). The Regional Director and the General Counsel may dispose of administrative remedy requests and appeals by affirming a rejection from a lower level, directing that a submission be accepted at the lower level, or accepting the submission for filing. 28 C.F.R. 542.17(c); PS 1330.16, ¶ 11(c).

An inmate may receive an extension to the deadline to file an administrative remedy request and appeal by demonstrating a valid reason for delay. 28 C.F.R. §§ 542.14(b,) 542.15(b); PS 1330.16, ¶¶ 8(b), 9(a). A valid reason for delay is "a situation which prevented the inmate from submitting the request within the established time frame." 28 C.F.R. § 542.14(b); PS 1330.16, ¶ 8(b). Such situations include extended separation from the necessary documents, extended physical incapacity, an unusually long period taken by institution staff to attempt informal resolutions, and delay by BOP staff in responding to the inmate's request for copies of dispositions of previous administrative remedy requests. 28 C.F.R. § 542.14(b); PS 1330.16, ¶ 8(b). Ordinarily, an inmate's request should include written verification from institution staff of any claimed reason for delay. PS 1330.16, ¶¶ 8(b), 9(a).

An inmate has exhausted remedies through the ARP only after filing an informal remedy request, timely submitting a formal administrative remedy request to the Warden, timely submitting appeals to both the Regional Director and the General Counsel, and receiving a response from the General Counsel. *See* 28 C.F.R. §§ 542.13-15; PS 1330.16, ¶¶ 7-9. Once an inmate receives a response to his appeal from the General Counsel, his administrative remedies are exhausted as to the specific issue raised, and the inmate may file a civil action. *See* PS 1330.16, ¶ 9(a).

Inmates may access all codified BOP Program Statements, including Program Statement 1330.16, through their institutions' law libraries. Additionally, each inmate, upon initial intake to FCC-TH, receives an Inmate Information Handbook ("Handbook") outlining the ARP. When Gist arrived at FCC-TH in February, 2011, he received a copy of the Handbook, participated in an orientation in which he was trained on each of its component parts, and signed a receipt acknowledging his training.

2. Administrative Remedy Requests and Appeals Submitted by Gist

Gist filed an administrative remedy request and two appeals stemming from the alleged May 2011 assault. Gist was transported to a hospital on May 16, 2011, and returned to his unit on May 24, 2011. He submitted an administrative remedy request (Remedy ID # 65673-F1) to the Warden on September 16, 2011, four months after his alleged assault. His administrative remedy request did not include a written verification from staff of any reason for delay. On September 16, 2011, the Warden rejected Gist's administrative remedy request as untimely.

Gist submitted an appeal of the Warden's rejection (Remedy ID # 65673-R1) to the Regional Director on September 30, 2011. On September 30, 2011, the Regional Director rejected Gist's appeal because Gist's original administrative remedy request was untimely. Gist submitted an appeal of the Regional Director's rejection (Remedy ID # 65673-A1) to the General Counsel on October 27, 2011, two weeks after Gist filed the complaint in this action. On November 8, 2011, the General Counsel rejected Gist's appeal because Gist's original administrative remedy request was untimely.

### B. Analysis

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

The undisputed record shows that Gist attempted to exhaust his available administrative remedies, but he did not do so in a timely manner. He filed his administrative remedy request four months after the incident occurred. He also did not request or receive an extension of time to file his administrative remedy request. Therefore, Gist has not identified a genuine issue of material fact as to

whether he filed a timely and complete grievance concerning the incidents alleged in his complaint.

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Gist's action should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice."); *Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002) (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating").

### III. Conclusion

For the reasons explained above, the motion for summary judgment filed by defendants Captain Hector J. Joyner, Officer Wheeler, and Officer Swan [16] is **granted.**

Claims against the Bureau of Prisons, Associate Warden Harvey Church, and Warden Charles Lockett were dismissed in the Entry of January 30, 2012, and are dismissed with prejudice. The court construes the complaint as not asserting a claim against Andrew Rupsak because the plaintiff failed to clarify his intention as to that individual as directed in the Entry of January 30, 2012. Judgment consistent with this Entry and with the Entry of January 30, 2012, shall now issue.

The clerk shall **update the docket** to reflect the plaintiff's current address according to the Bureau of Prison website, at the USP Big Sandy.

**IT IS SO ORDERED.**

Date: 11/09/2012

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Karim O. Gist
16083-056
Big Sandy USP
P.O. Box 2068
Inez, KY  41224

Thomas E. Kieper, Tom.kieper@usdoj.gov

NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.